```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ORACLE OIL, LLC ET AL                        CIVIL ACTION

VERSUS                                       NO: 09-5504

WARRIOR ENERGY SERVICES                      SECTION: J(3)
CORPORATION
```

## ORDER AND REASONS

Before the court is Defendant's **Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Rec. Doc. 17)** and supporting memoranda, as well as Plaintiff's **Memorandum in Opposition (Rec. Doc. 27)**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This litigation arises out of Defendant Warrior Energy Services Corporation's ("Warrior") involvement with the well perforation services it provided to Plaintiffs, Oracle Oil, L.L.C. and Delphi Oil, Inc. Plaintiffs operated the Lucille Broussard, et al No.1 well ("Well") in Vermilion Parish, which is located in the Western District of Louisiana. On August 15, 2008, Plaintiffs contracted with Warrior to perforate the Well. However, Plaintiffs allege that Warrior negligently carried out its end of the contract and Plaintiffs were forced to incur additional costs and expenses to complete work on the well.

On August 12, 2009, Plaintiffs filed suit in the United States Court for the Eastern District of Louisiana seeking to recover reimbursement of costs incurred, damages, the cost of

drilling a replacement well, and legal interest.  However, Warrior believes that this action should be tried in the Western District of Louisiana and has therefore filed the current motion asking that this case be transferred.

Prior to the filing of the current motion, Warrior's registration with the State of Louisiana listed the company's mailing address, principal business office, and principal business establishment in the Eastern District of Louisiana at 1105 Peters Rd., Harvey, Louisiana 70058.  The company's registered office was listed as 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana, 70808, which is located in the Middle District of Louisiana.

Plaintiffs, in their response motion in opposition, allege, *inter alia*, that Warrior's corporate registration establishes the Eastern District of Louisiana as the company's principal place of business and the proper venue for this litigation.  Warrior responded to this allegation by filing an amendment to their corporate registration.  The registration now lists 5801 Hwy 90 East, Broussard, LA 70518, which is located in the Western District of Louisiana, as the company's registered office and principal business establishment.  However, the registration still lists the Harvey, Louisiana address as the company's mailing address.

Warrior believes that regardless of what addresses are

listed on the company's registration, it is more convenient to try this case in the Western District of Louisiana. Warrior has therefore filed the current motion, urging this Court to transfer the case. After reviewing the motion, the applicable law, and the memoranda of the parties, this Court finds as follows:

## **PARTIES' ARGUMENTS**

According to Warrior, this case should be transferred pursuant to 28 U.S.C. § 1404(a) because all operative facts underlying Plaintiffs' claims occurred in the Western District of Louisiana and none of the parties have a principal place of business in the Eastern District of Louisiana. Warrior acknowledges that some deference should be given to Plaintiffs' preference in keeping the case in the Eastern District of Louisiana. However, according to Warrior, Plaintiffs' choice of venue should only be given limited weight and that Warrior can overcome Plaintiffs' selection by showing good cause exists to transfer the matter.

Warrior asserts that good cause can be shown by clearly demonstrating that transfer is needed in the interest of justice and for the convenience of the parties and witnesses. Warrior further argues that there are several factors to be considered in a motion to transfer venue, the majority of which Warrior believes weigh in its favor.

Plaintiffs agree that the defendant's burden is to clearly

demonstrate the need for transfer.  They also assert their choice of venue should be given some deference and that the Eastern District location of Warrior's principal place of business gives the Eastern District sufficient stake in the resolution of the matter.  Lastly, they argue that Warrior has failed to prove that the Western District of Louisiana is clearly the more convenient venue.

## **DISCUSSION**

Section 1404(a) states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In reviewing a motion to transfer pursuant to § 1404(a), a plaintiff's choice is clearly a factor to be considered, however, that choice is "'neither conclusive nor determinative.'"  <u>Allen v. Ergon Marine & Indus. Supply, Inc.</u>, No. 08-4184, 2008 WL 4809476 (quoting <u>In re Horseshoe Entertainment</u>, 337 F.3d 429, 434-35 (5th Cir. 2003)).  Nevertheless, when a plaintiff expresses a preference, the defendant is tasked with the burden of proving that the case should be transferred.  <u>See</u> <u>Allen</u>, 2008 WL 4809476 (stating "the plaintiff's privilege of choosing venue places the burden of proof on the defendant, as moving party, to demonstrate why the forum should be changed").  A defendant can establish this burden by demonstrating, through the factors set out in <u>Gulf Oil Corp.</u>

4

v. Gilbert, 330 U.S. 505, 508 (1947), that the transferee venue is clearly more convenient. Id.

Gilbert established both private and public interest factors that Courts should consider when determining whether transfer is proper under § 1404(a). The private interest factors include: (1) "the relative ease of access to sources of proof;" (2) availability of witnesses; (3) possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive."[1] Gilbert, 330 U.S. at 508.

The public interest factors include: (1) the administrative difficulties created by court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the state law that must govern the case; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law. Gilbert, 330 U.S. at 508 – 09.

*Private Interest Factors*

The private interest factors require this Court to analyze

---

[1] The fourth factor includes the cost of obtaining witnesses and other trial expenses, the possibility of delay and prejudice if transfer is granted, and the situs of material events and place of the alleged wrong.

such things as access to sources of proof, availability of witnesses and access to relevant premises, as well as judicial economy.  Gilbert, 330 U.S. at 508.  This dispute arose out of actions relating to the perforation of a well in Vermillion Parish, which is located in the Western District of Louisiana.  Thus, it would appear that the majority of the evidence would be located in that district.  However, the parties offer differing accounts as to where the actual sources of proof are located.  According to Plaintiffs, their documentary evidence comprises most of the documentary evidence in this case.  Plaintiffs claim this documentary evidence is located in their Baton Rouge, Louisiana corporate offices, which is in the Middle District of Louisiana.  Contrarily, Warrior has offered the affidavit from Robert Daigle, a District Manager for Warrior, who claims that all of Warrior's documentary and physical evidence is located in the Western District of Louisiana.  It is therefore difficult for this court to determine whether the first factor weighs in favor of Defendant or Plaintiffs.

The second factor advises the court to assess the availability of witnesses.  Gilbert, 330 U.S. at 508.  Warrior correctly claims that it would be more convenient for the witnesses to have the trial moved to the Western District.  There are some witnesses located outside of the Western District of Louisiana, however, the bulk of the witnesses are located in that

district.

In relation to the third factor, "access to relevant premises," this factor weighs in favor of Warrior as the Well is located in the Western District of Louisiana, and access to those premises would be more convenient in that district.  As a result, Warrior is correct in asserting that this factor weighs in its favor.

Warrior also argues that the fourth factor, which essentially involves the determination of judicial economy, weighs in its favor.  According to Warrior, there is a "tangle of lawsuits" currently pending in state and federal courts in the Western District of Louisiana.  However, the vast majority of these cases are being litigated in state courts.  The one federal case cited by Warrior is in the Southern District of Texas and is under consideration to be moved to the Middle District of Louisiana.  However, for the following reasons, none of these facts support Warrior's argument that judicial economy would be supported by moving this litigation to the Western District.  This case will not be litigated with the state court cases; there are no federal cases pending in the Western District of Louisiana; and Warrior has not moved to transfer the Southern District of Texas case to the Western District of Louisiana.  Further, this action was on this Court's trial docket for over five months before Warrior filed the current motion to transfer.

The parties have filed witness and exhibit lists and attended a settlement conference within this district. Warrior has filed a counterclaim in this matter, a motion to continue the trial, and has raised various issues relating to discovery. Warrior has had plenty of time to file the current motion, but failed to do so, even though the alleged convenience of trying this action in the Western District must have been apparent at a very early date. Transfer of this case at this time to a district that *may* be more convenient would appear to merely delay this matter and therefore, would not be in the interest of justice. Accordingly, Warrior has no basis for its argument that judicial economy will be served by transferring this case to the Western District.

### *Public Interest Factors*

The public interest factors require the Court to analyze the administrative difficulties created by court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the state law that must govern the case; the unfairness of burdening citizens in an unrelated forum with jury duty; and the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law. Gilbert, 330 U.S. at 508 -09.

With the exception of the local interest factor, the public

interest factors are either neutral or inapplicable to this case. In regards to local interest, Warrior argues that this dispute affects many companies in the Western District and that the citizens of the Western District have a substantial interest in resolving the matter locally.  Warrior supports this argument by claiming that in addition to the perforation of the well occurring in the Western District of Louisiana, Warrior's Broussard, Louisiana office was the operational center for employees and its "actual operations" have always occurred at the Broussard office.

   Despite Warrior's claims, Warrior has operated under the auspices of the Harvey, Louisiana headquarters for number of years.  Warrior has continuously maintained with the Louisiana Secretary of State that the Harvey office is its principal place of business, principal business establishment, mailing address, and location of its corporate office.  Warrior therefore has a sufficient nexus with the Eastern District of Louisiana.  Also, there is no reason to believe that amending the address on file with the Secretary of State erases the years of operation under the registered address in Harvey.  Neither is there guarantee that Warrior will not amend its registration to reflect Harvey, Louisiana as its primary place of business after the close of this litigation.  Furthermore, despite Warrior's testimony that there is no physical address in Harvey, even after the amendments

to the registration, both the mailing address and the principal business office address on record with the Secretary of State continue to reflect the Harvey office's address.  Accordingly, the local interest in trying this matter in the Eastern District of Louisiana may be as prevalent as the interest in trying the case in the Western District of Louisiana.

Plaintiffs have expressed a preference in keeping the case in the Eastern District of Louisiana, thus, Warrior has the burden of clearly demonstrating that the Western District of Louisiana is more convenient venue.  For the reasons stated, this Court finds that Warrior has failed to meet this burden and that judicial economy would not be served by transferring this matter to the Western District of Louisiana.  Accordingly, **IT IS ORDERED** that Defendant Warrior Energy Services Corporation's **Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Rec Doc. 17)** is hereby **DENIED**.

New Orleans, Louisiana this 30th day of June, 2010.

_____
United States District Judge